UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

                                          MEMORANDUM OPINION
                                             AND ORDER
v.                                        Criminal No. 09-324

Eagle Wind LaJeunesse,

       Defendant.
_____

       Clifford B. Wardlaw, Assistant United States Attorney, Counsel for Plaintiff.

       Douglas A. Myren and Julius A. Nolen, Counsel for Defendant.
_____

This matter is before the Court upon Defendant's motion to exclude evidence of a prior juvenile adjudication.

The Government provided notice to Defendant of its intent to introduce evidence of Defendant's prior federal juvenile child abuse adjudication pursuant to Fed. R. Evid. 414, which provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

1

In this case, the Defendant has been charged with Abusive Sexual Contact involving three boys under the age of twelve. These counts involve conduct in which the Defendant is alleged to have touched or grabbed the boys by the penis through or over their clothing. The Defendant has also been charged with one count of Aggravated Sexual Abuse for allegedly touching or grabbing the penis of one of the boys under his clothing.

The prior federal juvenile child abuse adjudication occurred over ten years ago when the Defendant was a juvenile. In summary, the Defendant was convicted of restraining a six year old boy with Christmas lights and then engaging in penis to anal contact with the boy.

The Defendant moves to exclude this evidence. Initially, the Defendant supports his motion with the Eighth Circuit decision in United States v. Sumner, 119 F.3d 658 (8th Cir. 1997). Sumner is not applicable here, however, because that case involves the admissibility of evidence pursuant to Fed. R. Evid. 404(b). Here, the Government seeks to admit the prior juvenile adjudication under Rule 414.

> Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. Fed.R.Evid. 404(b). However, Congress altered this rule in sex offense cases when it adopted

>Rules 413 and 414 of the Federal Rules of Evidence. After the adoption of Rules 413 and 414, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant," including the defendant's propensity to commit such offenses. Fed.R.Evid. 413(a), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice."

United States v. Holy Bull, 613 F.3d 871, 873 (8th Cir. 2010) (citing United States v. LeCompte, 131 F.3d 767, 769 (8th Cir.1997)). In making the Rule 403 determination, the court should keep in mind "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." Id. (quoting United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001)). Whether prior abuse evidence is unduly prejudicial, the court must further keep in mind that such evidence is "prejudicial to [the defendant] for the same reason it is probative-it tends to prove his propensity to molest young children in his family when presented with an opportunity to do so undetected." Id.

The Government argues that the prior federal juvenile child molestation adjudication is admissible under Rule 414, and that its probative value is not outweighed by unfair prejudice. Such evidence demonstrates a pattern of sexual abuse of young Native American boys by this Defendant. The victims in the

3

current case will testify as to similar touching of their genitalia both over and under their clothing and that they were lured to the crimes by a promise to play video games or to go swimming.

The Defendant argues that the prior juvenile adjudication is not similar to the instant charges. The prior adjudication involved a rape, while the current victims allege only sexual contact. In addition, the prior adjudication is ten years old, which dilutes its probative value.

The Eighth Circuit has previously held, however, that prior acts of child molestation that occurred over twenty years ago were nonetheless admissible under Rule 414. United States v. Gabe, 237 F.3d 954, 960 (8th Cir. 2001d). Furthermore, in United States v. Bentley, 561 F.3d 803 (8th Cir. 2009), the Eighth Circuit held that in a child pornography case, the district court did not err in admitting Rule 414 evidence that consisted of the testimony of two female victims that the defendant had sexual abused them when they were younger. Even though the victims did not testify that the defendant had taken pictures of them, the court found that the probative value of their testimony outweighed any unfair prejudice because all victims were actual or virtual members of the defendant's family, and they were molested in the defendant's bedroom when no

other adults were home or in the same room.

The Court finds that the Government has demonstrated that the probative value of the evidence concerning the Defendant's prior federal juvenile child abuse adjudication outweighs its prejudicial value. Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion to Exclude Evidence of Prior Bad Acts [Doc. No. 49] is DENIED.

Date: September 28, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court